## Swarthmore College v. Springfield Consolidated Water Co.

*Bill of discovery—Trespass—Damages—Riparian owners.*

1. In an action of trespass, the defendant is not entitled to a discovery from the plaintiff of evidence pertaining to the amount of damages.

2. In an action by a riparian owner to recover damages from a superior riparian owner for taking water from a creek to the injury of the plaintiff, the defendant is not entitled, prior to the trial, to require the plaintiff to disclose his evidence as to the amount of damages.

3. The right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to the title or cause of action of the party seeking it. It does not enable him to pry into the case of his adversary or to find out the evidence by which that case will be supported.

Exceptions to, and motion to strike off, plaintiff's answer to bill of discovery. C. P. Delaware Co.

*Hannum, Chadwick & Weeks,* for exceptions and motion.

*W. Roger Fronefield* and *Johnson, Gilkyson & Freeman,* contra.

BROOMALL, J., Nov. 26, 1923.—The question presented to the court is with the respect to exceptions filed by the defendant to, and motion to strike off, the answer filed by the plaintiff to the defendant's bill of discovery.

In order to understand the status of these exceptions and motion, it will be necessary to refer to the course of the pleadings leading up to these exceptions and motion.

Swarthmore College brought suit against the Springfield Consolidated Water Company, and averred in its statement of claim that it is a riparian owner on Crum Creek, that the defendant is a superior riparian owner, and that it has abstracted water from the creek to the plaintiff's injury, and claims to recover compensation for the past injury, and also for the future injury, to be measured by the depreciation in the value of its lands.

The plaintiff has the right, as a riparian owner, to the use of the flow of the creek, undiminished in quantity, for the use on its land for culinary, lavatory, bibible and agricultural purposes.

Upon the showing of its statement of claim, the inquiry is this:

1. Has the plaintiff the right claimed?

2. Has the defendant abstracted the water and interfered with the right of the plaintiff to the use of it?

3. If so, the plaintiff would be entitled to compensation for past injuries and also for future injuries, measured by the depreciation in the value of its land, if the defendant embraces its proffer to recover for the depreciation in the value of its land in this suit.

Before showing its case, the defendant filed a bill of discovery against the plaintiff and its president, Frank Aydelotte. Of course, the defendant's bill of discovery must be restricted to the defendant's defence, and at this point it was impossible to determine whether the bill of discovery related to an unknown defence, but inasmuch as on the following day the defendant filed an affidavit of defence, it is made apparent to the court what the defendant's defence is.

The affidavit of defence in brief is:

1. Avers that the plaintiff has lost its right to its use of the water of the creek to the defendant by prescription.

2. That the defendant has acquired by prescription the right to the use of the waters of the creek.

3. Upon the subject of damages, it apparently embraces the invitation of the plaintiff to measure the future damages by the diminution in value of the plaintiff's lands.

4. A plea of the statute of limitations.

The bill of discovery will, therefore, be considered with respect to the defence set up by the defendant. This bill seeks by its averments and by its interrogatories to obtain information from the plaintiff with the respect to the amount of the damages, save possibly only the nineteenth interrogatory, which is an inquiry into the right of the plaintiff to the use of the waters of the creek. This nineteenth interrogatory is immaterial, because the plaintiff's statement of claim sets out its right. Swarthmore College and Frank Aydelotte have both filed answers and demurrers to this bill of discovery, in which they decline to answer the interrogatories which pertain to the amount of damages.

To these answers the defendant has filed the exceptions and motion under consideration.

These exceptions and motion to strike off, as well as the demurrers referred to, all raise the single question, to wit: Whether, in an action of trespass, a defendant is entitled to a discovery from the plaintiff of evidence pertaining to the amount of damages.

This discovery does not relate to the defendant's case. True, if the plaintiff, upon trial, makes out its case, then the question of damages would arise, in which the defendant would be called upon to defend against whatever evidence the plaintiff may introduce upon the subject of its damages. ' But this is the plaintiff's case, and the defendant is not entitled to require the plaintiff to disclose its evidence as to the amount of damages. Fundamentally, the right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to the title or cause of action of the party seeking discovery; it does not enable him to pry into the case of his adversary or find out the evidence by which that case will be supported: 1 Pomeroy's Equity Jurisprudence (3rd ed.), § 201.

It, therefore, follows that the defendant's exceptions must be dismissed and motion to strike off disallowed.     From A. B. Geary, Chester, Pa.